IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00421-D

EDITH R. JOYNER, )
By GEICO, Subrogee, )
 )
          Plaintiff, )
 )
v. ) **ORDER**
 )
UNITED STATES OF AMERICA, )
 )
          Defendant. )

On July 25, 2018, Edith R. Joyner ("Joyner" or "plaintiff") filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. [D.E. 1-4]. On August 29, 2018, defendant removed the action [D.E. 1]. In her complaint, Joyner, by and through her subrogee, Geico, alleges that on or about July 28, 2015, Joyner took her vehicle into Pope Auto Skills Shop ("Auto Shop"), which is part of the Department of the Army and an agency of the United States located on Fort Bragg, North Carolina. See [D.E. 1-4] ¶ 4; [D.E. 2]. Vanessa Mikhaylyuk ("Mikhaylyuk") was a non-appropriated fund employee of the Auto Shop. [D.E. 2]. In the scope of her duties at the Auto Shop, Mikhaylyuk attempted to drive Joyner's car onto the car lift, lost control, and drove the car into the wall of the shop causing approximately $5,165.31 in damage to Joyner's car. [D.E. 1-4], ¶¶ 5, 13.

On July 25, 2018, Joyner filed suit in North Carolina state court against both Mikhaylyuk and the Auto Shop for negligence and breach of contract of bailment. [D.E. 1-4] 1, 3. Breach of contract of bailment is a tort under North Carolina law. See Crump v. McKay, 53 N.C. 32, 34 (1860); cf. Unus v. Kane, 565 F.3d 103, 117 (4th Cir. 2009) (the substantive law of each state where

the alleged tort took place establishes the cause of action for purposes of the FTCA). When the United States removed the action to federal court, it filed a certification of scope of employment and substituted itself as defendant for Mikhaylyuk and the Auto Shop [D.E. 2]. On September 4, 2018, the United States moved to dismiss this action for lack of subject matter jurisdiction [D.E. 5] and filed a memorandum in support [D.E. 6]. See Fed. R. Civ. P. 12(b)(1). The United States argues that because Joyner and her subrogee Geico failed to exhaust the available administrative remedies before filing the action in this court, the court lacks subject matter jurisdiction. Joyner and Geico did not respond to the motion.

A plaintiff bears the burden of proving that subject matter jurisdiction exists in federal court. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In resolving a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case without converting the motion into one for summary judgment. Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); see Evans, 166 F.3d at 647.

The United States, as a sovereign, is immune from suit unless it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA waves sovereign immunity, but contains certain specific limitations before the waiver becomes effective. See 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671–2680. A waiver of sovereign immunity is "strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996); Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005). Under the FTCA, a plaintiff first must file an administrative claim with the appropriate federal agency. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Once a claimant

2

files the administrative claim, the claimant cannot sue until the agency denies the claim or six months have elapsed. See 28 U.S.C. § 2675(a). The FTCA administrative-claim process is jurisdictional and cannot be waived. See, e.g., Henderson, 785 F.2d at 123; Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976).

Pursuant to 28 C.F.R. § 14.2(a), a claim is "presented" to an agency when that agency receives an "executed Standard Form 95 or other written notification of an incident ...." 28 C.F.R. § 14.2(a); Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994). Neither Joyner nor Geico filed or presented any claim with a federal agency on an SF-95 form or any other written notification. [D.E. 6-1] ¶ 2. Accordingly, neither Joyner nor Geico exhausted the available administrative remedies, and the court lacks subject matter jurisdiction. Moreover, the United States has not waived its sovereign immunity and consented to be sued in this case. Without such a waiver of sovereign immunity or consent to be sued, this court lacks subject matter jurisdiction over this action. Thus, the court grants defendant's motion to dismiss for lack of subject matter jurisdiction. See, e.g., Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

In sum, the court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction [D.E. 5] and DISMISSES the complaint without prejudice.

SO ORDERED. This 30 day of October 2018.

JAMES C. DEVER III
United States District Judge

3